———————<>-O-<>>———————

### EDSON A. ABBOTT AND WIFE *vs.* THOMAS KENSETT.

An administrator lent the funds of the estate to a firm consisting of himself and the defendant. His administration account was afterwards rendered to the court of probate, and a certain undivided sum ordered to be distributed to the guardian of three minor heirs. The guardian was insolvent and owed the firm on his own private account nearly the amount so ordered to be distributed to him, and was induced by the administrator and the defendant to consent to an application of the debt toward the distribution, and the balance was paid in cash. The administrator and the guardian had both given bonds, which were good. After the death of the administrator one of the three heirs brought an action at law against the defendant as surviving member of the firm for her share of the money in the hands of the firm. Held, that the debt of the firm was solely to the administrator, and that she could not sustain an action for it; and that her only remedy was by a suit on the bond of the administrator or guardian.

GENERAL assumpsit, in the superior court for Fairfield county. Facts found and case reserved for advice. The legal principles laid down by the court will be understood

without a full statement of the facts, which would occupy much space.

*O. S. Seymour* and *G. H. Hollister*, with whom was *D. F. Hollister*, for the plaintiffs.

*Loomis* and *Seeley*, for the defendant.

McCurdy, J. Ira B. Wheeler, one of the administrators on the estate of his father, took the whole active part in the settlement of the estate, received the funds at different times and in different sums, and loaned them as received temporarily to the firm of Kensett & Co., of which he was a member, with the knowledge and agreement of the defendant, Thomas Kensett, who with Wheeler constituted the firm, and is now sued as surviving partner. These loans constituted a debt from the company to the administrators, who in law were entitled to the money and the control of the debt, and who alone could collect it or sue for it or discharge it. When the company borrowed this money they of course knew where it came from, and where it was ultimately to go, but they knew also that their liability was to the administrators only.

At what time the debt was incurred does not appear, nor how long it had existed, but on or about the 1st of August, 1856, the administrators rendered an administration account, and on or about the 23d of October, 1856, they rendered another, both of which were approved by the court, and the approval was followed by an order of distribution. By that account and order the sum of $1,049.93, one-third of the amount in their hands, would belong to the plaintiff Adrianna, and the remainder to the other heirs. It will be observed that no distribution was in fact made. The assets which were to be divided consisted of this debt, which was never aparted, but remained entire and between the original parties only. The company did not in consequence of this settlement of the account and order of the court become indebted to the different individuals severally who were finally to be interested in the money.

This then was the condition of the parties. The company owed the administrators and were liable to be sued by them in a proper action. The administrators were bound to collect the debt and pay it over to the guardian Boerum for the benefit of his wards, and failing to do this were liable on their bond. Boerum's duty was to require and receive the money of Wheeler and hold it or account for it under the direction of the court of probate for the use of his children; and failing to do this he was liable on his bond. The powers and duties of all the parties and the steps to be taken by each are perfectly clear and plain.

But instead of pursuing what is manifestly the regular course, the plaintiffs, Adrianna Abbott and her husband, bring this suit, an action of general assumpsit, against the defendant as surviving partner of the firm of Kensett & Company, demanding of him one-third of this debt as belonging to her. The question is, whether under the circumstances it can be sustained. We think it cannot be.

The decision in the case of *Treat* v. *Stanton*, 14 Conn., 445, appears to be conclusive. In that case the defendant had received money of an executor belonging to legatees under a will, and in the receipt which he gives to the executors he expressly promises to *pay the money to them* when they become of age, upon an order from the executor. It was not proved that any order was given. The defense was that the suit should have been in the name of the legatees, but the court held that the executor was the proper party. Judge Storrs in giving the opinion says: "No case has been cited, nor is it believed that any can be found, where on a promise made to one sustaining the character of a trustee, the *cestui que trust* or person ultimately interested has been permitted to bring an action upon it. In such case the obligation and legal responsibility is exclusively to the trustee and must be enforced in a court of law." (page 454.) He quotes at length from Chitty the reasons and the necessity of the rule. He remarks among other things that the executor had given bond for the faithful discharge of his duties,

" and it is to that bond that those interested are to resort if he fails in his duty." (page 455.)

But it is urged as a very strong point by the plaintiffs, that Boerum, by a fraudulent combination with Wheeler and Kensett, applied the money which belonged to his children to the payment of his own private debt to the company. It is not easy to see how this fact taken in connection with the others varies the legal principle. Of course it made him liable on his bond, but it created no such relation between his children and the defendant as to justify this action. If there had been a precise and definite debt due from the defendant to the plaintiff, as by a note to her, and the guardian had fraudulently and by collusion with the defendant discharged it, very properly might she have considered the discharge as void and looked to the defendant for the debt. But here there was no such debt from the defendant to the plaintiff, but a mere uncertain interest in a debt from the defendant to Wheeler as administrator. Her right even as against her guardian was not a fixed and settled one. It depended on the decision of the court of probate in passing upon his account. It is found that he had furnished her for her nurture and education since his insolvency a greater amount than her claim in this action. It would be for the court to say whether this sum should be allowed to him. He might have claims for personal services and expenses. He might have settled with her after she came of age and paid her fully in money or otherwise. Over these questions no other court has jurisdiction. The trust peculiarly and exclusively belongs to that court. The powers and duties of guardians and administrators, and the rights of wards, and of legatees and creditors, and the adjustment of all claims growing out of these relations, form the especial province of courts of probate.

To allow each of the legatees to pass over the head of Boerum and over the head of Wheeler, and to carve out for himself a certain part of the debt due from the defendant to the administrator, and from him to the guardian, and possibly from him to the wards, would be unwarranted by any principle or practice with which we are acquainted. As well

where money is deposited by an executor in a bank for safe keeping, might each legatee or creditor or other person interested sue the bank for his supposed proportion.

There is no occasion to strain any legal principle in this case for the purpose of furthering justice, as it is found that the bonds both of the guardian and the administrators are good and available, and there is nothing to prevent a recovery in proper suits.

Other points of interest were made in argument, but we deem it sufficient to say that for the reasons given we think this suit can not be sustained.

In this opinion the other judges concurred.